IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **NICOIS M. SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-19-868-R |
| | ) | |
| **OKLAHOMA STATE OF, ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Plaintiff's Objection to the June 29, 2020 Third Supplemental Report and Recommendation issued by Magistrate Judge Gary M. Purcell. (Doc. No. 80). Therein Judge Purcell recommends that the case be dismissed without prejudice because Plaintiff has failed to serve Defendants with process as ordered on March 23, 2020. Specifically, Plaintiff did not provide the necessary service papers to the United States Marshal's Service so that it could attempt to serve Defendants on Plaintiff's behalf. (Doc. No. 77). Judge Purcell further recommends dismissal pursuant to Federal Rule of Civil Procedure 41(b), because Plaintiff has failed to prosecute this action by failing to comply with the Court's prior order regarding service. *Id.* Plaintiff's objection to the Report and Recommendation gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this review, the Court finds as follows.

Plaintiff filed this action on September 17, 2019 naming seven Defendants: (1) the State of Oklahoma; (2) Detention Officer Combs; (3) Detention Officer Texas; (4)

Oklahoma County Detention Center; (5) Oklahoma County Sheriff's Office; (6) Detention Officer Rios; and (7) Detention Officer Campbell. (Doc. No. 1). Plaintiff alleged therein the violation of his civil rights because several cells at the Oklahoma County Detention Center were allegedly opened to permit detainees access to Mr. Smith and he was assaulted by men detained at the facility.[1]

Mr. Smith was recently released from custody of the Oklahoma Department of Corrections and represents to the Court that during his incarceration he had difficulty receiving his legal mail. Although he indicates that he previously requested that the Court issue summonses, there is no such request in the court file. The Court finds that Mr. Smith has shown good cause for failing to timely serve the Defendants, and the Court hereby orders the following.

On December 30, 2019, Plaintiff filed an Amended Complaint (Doc. No. 39) as permitted by an Order dated December 2, 2019. (Doc. No. 29). On January 6, 2020, Judge Purcell concluded that Plaintiff's Amended Complaint was not on the proper form, did not formally name any party as a Defendant, and that it was impossible to comprehend the allegations therein. (Doc. No. 42). Judge Purcell further informed Plaintiff that an amended complaint supersedes the prior complaint, and therefore, the only allegations before the Court were those set forth in the nonsensical document filed on December 29, 2019. Judge Purcell offered Plaintiff the opportunity to file a Second Amended Complaint before January 20, 2020. *Id.*

---

[1] He also alleged that he was tranquilized or sedated.

Coincidentally, the same day that Judge Purcell granted Plaintiff leave to amend, Plaintiff filed another Amended Complaint, using the proper form. (Doc. No. 43). Plaintiff identified three Defendants, the Board of County Commissioners, Sean Ramm, an Oklahoma County detention officer previously identified as Lamb, and Hitties Hicks, a detention officer named in the caption, but not listed separately on the form complaint.[2] Plaintiff alleged Defendants conspired to interfere with his rights under § 1983 by failing to protect him from violence, and denying him medical care. He listed Defendants Ramm, Hicks, and the Board of County Commissioners. He also lists additional officers not identified in the caption as parties or identified in the appropriate section of the form, specifically detention officers Davis, Texas, Cambell, and Rios. (Doc. No. 43, p. 5). He alleged that the Board of County Commissioners neglected its duty to protect him from violent sexual assault. *Id.* p. 6.

On March 3, 2020, Judge Purcell issued an order permitting Plaintiff an additional attempt at pleading his claims by filing a Third Amended Complaint not later than March 20, 2020. The Order was premised on deficiencies noted by Judge Purcell, including the absence of allegations of personal participation by the individually named Defendants and the need to identify the actions of each Defendant in allegedly violating Plaintiff's rights. On March 13, 2020, Plaintiff filed a document entitled "Order to Fix Deficiencies of Ammended (sic) Complaint." (Doc. No. 51). The document included additional factual allegations against the detention officers, although it did not attempt to identify which facts

---

[2] The form complaint has space for two Defendants and instructs a Plaintiff that "[i]f there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s)." (Doc. No. 43, p. 4). No additional sheet was attached.

applied to which officer, indicating the officers led and initiated a cowardly gang rape and that the Oklahoma County Detention Center did not allow testing or treatment of him, the alleged victim.

On March 23, 2020, Judge Purcell issued an Order Requiring Service and Special Report. Plaintiff was directed to complete the necessary service papers and to return those to the Clerk of Court within twenty-one days for processing and issuance. Plaintiff was granted ninety days to effect service, which period expired on June 22, 2020.[3] From the record, it appeared that Plaintiff made no steps toward service, although his objection includes a "Motion to Summons" that lists the Defendants and a notation indicating that "[t]here was a copy of this filed that I believed was what was need[ed] along with cop[ies] of the complaints so that the US Marshals could serve the Defendants." (Doc. No. 80, p. 2. No original of this document appears in the Court's case file. Regardless, because Plaintiff did not complete service of process by June 22, 2020, on June 29, 2020, Judge Purcell issued the Report and Recommendation at issue herein, recommending dismissal because Plaintiff had failed to timely serve and for failure to comply with the Court's prior orders.

Further complicating the issues in this case is the fact that Plaintiff submitted several unsigned documents, contrary to the requirements of Federal Rule of Civil Procedure 11. The Court returned Documents 51, 53, 55, 56, 57, and 58 to Plaintiff for his signature. Although he represents that he returned those documents to the Court with signatures, they have not been received. Thus, on June 8, 2020, the Court struck those filings, which

---

[3] The ninety-day period ended on June 21, 2020, a Sunday, and therefore, pursuant to Rule 6 of the Federal Rules of Civil Procedure, the deadline expired the next day.

includes the "Order to Fix Deficiencies of Ammended (sic) Complaint" document number 51. (Doc. No. 71). As a result, the operative pleading in this case at this time is Plaintiff's Second Amended Complaint (Doc. No. 43), which Judge Purcell construed as "nonsensical rambling with an occasional legal citation." (Doc. No. 50, p. 1).

The Court finds that the most logical way to proceed in this case is to dismiss this action without prejudice, under 28 U.S.C. § 1915A(b). Plaintiff is appearing *pro se*, however, he must nevertheless adhere to both the Federal Rules of Civil Procedure and the Court's Local Civil Rules. To that end, because the dismissal is without prejudice, Plaintiff may file a new lawsuit addressing the same issues raised in this lawsuit, addressing the shortcomings identified by Judge Purcell and the undersigned. A Pro Se Prisoner Civil Rights Complaint form is provided for Mr. Smith's use. He will need to either pay a filing fee or seek leave to proceed *in forma pauperis*. The Court presumes that, because Mr. Smith is no longer incarcerated, many of the issues he alleges with regard to receiving documents from the Court and mailing documents here will not recur. Mr. Smith should pay careful attention to the instructions in the form, especially with regard to identifying the persons he wishes to name as Defendants and the factual allegations against such persons. He should be aware that it is insufficient to refer to his prior filings in this case or his other cases as factual allegations.[4]

---

[4] The Court understands the difficulties in litigating a case *pro se*. Mr. Smith, however, filed many irrelevant documents in the course of pursuing his claims, muddying the record and creating more work for himself in the process. The various premature motions to compel and the motions for release citing § 2255 were unnecessary distractions to the Court and for Mr. Smith, especially in light of the fact that many of his filings were returned because he had not affixed his signature.

For the reasons set forth herein, Plaintiff's case is hereby DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to mail this Order to Plaintiff along with a blank § 1983 form and a blank "Pro Se Litigant's Request for Issuance of Summons" form, as required by Local Civil Rule 3.1.

**IT IS SO ORDERED** this 23rd day of July 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE